UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| STEPHEN S. ACKLEY, ) | |
| ) | CHAPTER 13 |
| DEBTOR ) | CASE NO. 08-21195 |
| ************************************) | |
| STEPHEN S. ACKLEY, ) | |
| ) | |
| PLAINTIFF ) | |
| ) | |
| vs. ) | ADVERSARY PROCEEDING |
| ) | No. 14- |
| OCWEN LOAN SERVICING, LLC ) | |
| ) | |
| DEFENDANT ) | |

## **COMPLAINT**

NOW COMES the Plaintiff, Stephen S. Ackley, (hereinafter referred to as Mr. Ackley) and complains against Defendant, Ocwen Loan Servicing, LLC, (hereinafter referred to as "Ocwen") as follows:

1. Jurisdiction in this matter exists pursuant to 28 U.S.C. §1334(a) and (b); venue is appropriate in this District pursuant to 28 U.S.C. §1408. This is a core proceeding under 28 U.S.C. §157(b)(2)(A), and is further brought under 11 U.S.C. §§524, and 105.

2. Mr. Ackley filed a Chapter 13 bankruptcy petition on October 9, 2008.

3. On or around December 30, 2004, Mr. Ackley entered into a Mortgage and Note in the amount of $142,500 with Option One Mortgage Corporation ("loan") on his property at 156 Jenkins Road, Saco, Maine ("Property").

4. Option One was listed on and received the Certificate of Notice dated October 10, 2008 for the filing of the Chapter 13. See the Docket in the Bankruptcy Matter, Case No. 08-21195 at Document No. 6 (hereinafter referred to "Document No. __").

1

5.      Upon information and belief, on or around November 5, 2008, American Home Mortgage Servicing, as successor-in-interest to Option One Mortgage Corporation, assigned the subject Mortgage to U.S. Bank National Association, as Trustee for the Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2005-3 ("the Trust"). The assignment is recorded at the York Country Registry of Deeds, book 15521 page 707.

6.      On December 5, 2008, the Trust filed Proof of Claim No. 4 in the Plaintiff's bankruptcy matter.  At the time, American Home Mortgage was the loan servicer of the loan. See Claim No. 4 in the Bankruptcy Matter, No. 08-21195.

7.      Upon information and belief, servicing of the loan was transferred to Ocwen on or around August 30, 2013.  See Documents No. 92 and 93.

8.      On September 17, 2013, the Court granted Mr. Ackley's Second Amended Order Allowing and Disallowing Claims and Modifying Plan in which the property was surrendered in full and final satisfaction of claim number 4. (OADC)   See Document No. 98.

9.      Ocwen and American Home Mortgage Servicing, Inc. received notice of the OADC. See Document number 91-1.

10.     On January 7, 2014, Mr. Ackley received his bankruptcy discharge. See Document No. 105.

11.     Ocwen and American Home Servicing received notice of the bankruptcy discharge.  See Document No. 105-1.

12. On or about June 24, 2014, Ocwen delivered to Mr. Ackley a letter entitled "Delinquency Notice" alleging a total Amount Due of $29,955.18. A copy of the notice is appended hereto as *Exhibit 1*.

13. On or around July 26, 2014, Ocwen delivered to Mr. Ackley a notice stating that Ocwen plans to buy insurance for the property and Mr. Ackley "must pay [Ocwen] for any period during with the insurance [Ocwen] buys." A copy of the notice is appended hereto as *Exhibit 2*.

14. On or around July 29, 2014, Ocwen delivered to Mr. Ackley a "Delinquency Notice" alleging a total due of $32,360.06. A copy is appended hereto as *Exhibit 3*.

15. On or around August 1, 2014, Ocwen received a letter from Mr. Ackley's counsel, Molleur Law Office.

16. The letter, dated July 29, 2014, provided Ocwen with notice of Mr. Ackley's bankruptcy and the surrendering of his property. Counsel requested that Ocwen cease communications with Mr. Ackley and forward any correspondence to the office of Mr. Ackley's counsel.

17. On or around August 18, 2014, Ocwen delivered to Mr. Ackley a mortgage statement stating that Mr. Ackley owed Ocwen a total alleged Amount Due of $33,914.94 before September 17, 2014 and included a payment coupon. A copy is appended hereto as *Exhibit 4*.

18. On or around August 19, 2014, Ocwen delivered to and Mr. Ackley a letter entitled "Delinquency Notice" with a total alleged amount due of $33,914.94. A copy is appended hereto as *Exhibit 5*.

19. Mr. Ackley's counsel wrote a <u>second</u> time to Ocwen on September 4, 2014 regarding violations of the discharge injunction provisions of the Bankruptcy Code. Said letter requested Ocwen withdraw its demand for payment within thirty days or debtors would seek remedy with the bankruptcy court.

20. Ocwen, through its Maine registered agent, Corporation Service Company, received the September 4, 2014 letter on September 8, 2014.

21. On or around September 17, 2014, Ocwen delivered to Mr. Ackley a mortgage statement alleging Mr. Ackley owed a total Amount Due of $35,474. and included a payment coupon. A copy is appended hereto as *Exhibit 6.*

22. On or around October 17, 2014, Ocwen delivered to Mr. Ackley a mortgage statement stating Mr. Ackley owed a Ocwen total Amount Due of $160,669.45 "due now" and included a payment coupon. A copy is appended hereto as *Exhibit 7.*

23. On or around October 20, 2014, Ocwen delivered to Mr. Ackley a letter entitled "Delinquency Notice" alleging a total amount due of $37,347.82. A is appended hereto as *Exhibit* 8.

24. Upon information and belief, these are not the only notices Ocwen delivered to Mr. Ackley concerning the alleged debt on the property and Ocwen will continue to send Mr. Ackley notices regarding amounts alleged due the loan.

19. In addition, upon review of Mr. Ackley's credit reports, Ocwen continues to report inaccurately on Mr. Ackley's credit report that he has an outstanding balance on the loan.

20. Ocwen has also failed to complete the foreclosure of the property, even though it has known for over one year that the property was surrendered by Mr. Ackley. The

failure to foreclose has perpetuated and prolonged Ocwen's delivery of debt collection notices to Mr. Ackley.

21. Ocwen's repeated communications and actions regarding the loan debt have caused Mr. Ackley significant distress, anxiety, desperation, humiliation, sleeplessness, headaches, embarrassment, pain and frustration especially after having filed for bankruptcy to discharge the debt and obtain a fresh start.

22. Ocwen committed such violations knowingly, recklessly, and in bad faith as they had actual notice of the Plaintiff's bankruptcy and multiple warning letters from Plaintiff's counsel yet continued to attempt to collect on the debt.

23. Upon information and belief, Ocwen has inadequate policies and procedures in place to service loans that are discharged in bankruptcy.

24. Upon information and belief, and based on at least *seven* other cases filed with this Court, (Docket No.s 08-10244; 11-02010; 13-02015; 13-02034; 13-01025; 13-02070; 14-02001) Ocwen has engaged in a pattern and practice of seeking to collect on debt that have been listed and discharged in bankruptcy in violation of the automatic stay or discharge injunction.

25. Ocwen's actions demonstrate its willful and intentional violation of 11 U.S.C. §524.

26. Mr. Ackley is entitled to receive from the Defendant actual and compensatory damages, including costs and attorneys' fees, and punitive damages in this matter pursuant to 11 U.S.C. §§524 and 105.

WHEREFORE, Plaintiff prays that this Court sanction the Defendant, award such actual damages, including costs, attorney fees and punitive damages as are appropriate, and grant such other and further relief as this Court deems just and reasonable.

Dated at Biddeford, Maine, this 2nd day of December, 2014.

                                 MOLLEUR LAW OFFICE

By: */s/ Andrea Bopp Stark*
     Andrea Bopp Stark, Esq.
     Counsel for Plaintiff, Stephen S. Ackley
     419 Alfred Street
     Biddeford, Maine  04005-3747
     (207) 283-3777
     (207) 284-4558 Fax
     andrea@molleurlaw.com